**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ENDRON R. YOUNGBLOOD,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| vs. | : CIVIL ACTION NO. 3:CV-04-1922 |
| | : (CHIEF JUDGE VANASKIE) |
| **TROY WILLIAMSON, et al.,** | : |
| | : |
| **Defendants** | : |

**O R D E R**

**NOW, THIS 28th DAY OF SEPTEMBER, 2005,** Defendants having shown by motion and accompanying documents that the incarcerated *pro se* Plaintiff has not pursued any administrative remedies or an administrative tort claim with respect to the alleged inadequate medical care and deliberate indifference to serious medical needs claims presented in the above-captioned matter; and

Plaintiff having failed to dispute Defendants' factual showing on the question of exhaustion of administrative remedies, despite having adequate time to do so;[1] and

---

[1] Defendants filed their Brief in support of their Motion and accompanying documents on February 4, 2005. (Dkt. Entry 22.) Local Rule of Court 7.6 affords a party a period of fifteen (15) days within which to file an opposition brief, and informs a party that failure to file an opposition brief will be construed to mean that the motion is unopposed. Plaintiff was advised of the content of the rule and the consequence of failing to comply with the rule by the Court's Standing Practice Order, issued to Plaintiff on August 31, 2004. (Dkt. Entry 5.) Plaintiff has not communicated with this Court since the filing of Defendants' Motion, even though he has been transferred to another prison, (see Letter of April 4, 2005, Dkt. Entry 23, from the Bureau of Prisons), and it is Plaintiff's obligation to inform the Court of any change in address. It should be noted that Plaintiff did move for appointment of counsel (Dkt. Entry 19) before Defendants

concluding that exhaustion of administrative remedies is a prerequisite to bringing an Eighth Amendment deliberate indifference claim, see 42 U.S.C. § 1997e; Booth v. Churner, 532 U.S. 731, 739 (2001), as well as a negligence claim against the United States under the Federal Torts Claim Act, see 28 U.S.C. § 2675(a);

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. Entry 19) is **DENIED**.

2. Defendants' Motion to Dismiss for failure to exhaust administrative remedies (Dkt. Entry 21) is **GRANTED**.

3. This action is **DISMISSED, WITHOUT PREJUDICE**.

4. Any appeal from this Order shall be deemed frivolous, lacking in probable cause and not taken in good faith.

           **s/ Thomas I. Vanaskie**
           Thomas I. Vanaskie, Chief Judge
           Middle District of Pennsylvania

C:\Documents and Settings\vanaskie\Local Settings\Temp\notesFFF692\04-1922rd.wpd

---

filed their motion to dismiss.  Because Plaintiff does not dispute that he brought this action without having pursued administrative remedies, so that dismissal of this action is mandatory, his request for appointment of counsel will be denied.